IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PHYLLIS HILL                                                                                 PLAINTIFF

v.                         CASE NO. 4:16-CV-00872 BSM

ARKANSAS DEPARTMENT OF
HUMAN SERVICES, et al.                                            DEFENDANTS

## ORDER

*Pro se* plaintiff Phyllis Hill's amended complaint [Doc. No. 22], construed as a motion for leave to amend her complaint, is granted. Accordingly, her complaint filed as of April 6, 2017, constitutes the operable complaint. Defendants' motion to strike the amended complaint [Doc. No. 23] is denied, and defendants' motion to dismiss [Doc. No. 16] is granted in part. *See also* Doc. No. 23, n. 1 (incorporating by reference defendants' previously filed motion to dismiss). Hill's motion to dismiss [Doc. No. 25] is denied.

In ruling on a motion to dismiss, the complaint's factual allegations and reasonable inferences must be accepted as true, but only to the extent they do not amount to conclusory statements and legal characterizations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As an initial matter, Hill's complaint is extremely difficult to understand, contains a plethora of disjointed legal jargon, and is largely devoid of factual content. "Courts must not presume the truth of legal conclusions couched as factual allegations," *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013), and even construing Hill's complaint liberally, few, if any of her pleadings are plead specifically or coherently enough to state plausible claims to relief and to give fair notice of the grounds upon which the claims rest. *See*

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Hager*, 735 F.3d at 1015 ("[Plaintiff's] conclusory assertion that she was discharged under circumstances similarly situated men were not imports legal language couched as a factual allegation and fails to raise a right to relief above the speculative level."); *Evans v. Autozone Stores, Inc.*, No. 05 CV 1086, 2008 WL 697752, at *7 (W.D. Ark. Mar. 13, 2008) ("Mere utterance of an epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to implicate Title VII."). Neither Hill's response [Doc. No. 21] to the defendants' motion to dismiss nor her most recently amended complaint [Doc. No. 22] address these deficiencies.

The only claim that comes close to meeting even a liberal pleading standard is Hill's retaliation claim. Hill states that employees at the Arkansas Department of Human Services (ADHS) retaliated against her by making it difficult to get a raise after she filed a complaint with the Equal Employment Opportunity Commission (EEOC). Second Amended Complaint ¶¶ 12, 29, Doc. No. 22. Filing such a complaint is protected conduct under Title VII. *Womack v. Munson*, 619 F.2d 1292, 1297 (8th Cir. 1980). Hill's Title VII retaliation claim may proceed. The rest of her complaint is dismissed without prejudice for failure to state a claim, among other reasons as set out below.

Jurisdiction is problematic as well because the ADHS is a state agency, and as such, it is entitled to sovereign immunity under the Eleventh Amendment to the extent Hill makes claims for money damages under the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA). *Buckley v. Univ. of Arkansas Bd. of Trustees*,

780 F.Supp 2d 827, 830 (E.D. Ark. 2011); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 373 (2001). The ADHS is also entitled to sovereign immunity from Hill's claims under the Arkansas Civil Rights Act (ACRA). Ark. Code Ann. § 16-123-104 ("Nothing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas."); *Cross v. Arkansas Livestock & Poultry Comm'n*, 943 S.W.2d 230, 232 (Ark. 1997). Hill's claims for money damages against the ADHS under the ADA, ADEA, and ACRA are dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Next, defendants in their individual capacities are not liable under Title VII, the ADA, the ADEA, or the ACRA. *Bonomolo Hagen v. Clay Cent. Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) ("Our Court quite recently has squarely held that supervisors may not be held individually liable under Title VII."); *Stebbins v. Hannah*, No. 4:15CV00436 JLH JJV, 2015 WL 5996295, at *3 (E.D. Ark. Sept. 1, 2015) (explaining that Title I and II of the ADA do not permit an action against individual defendants), report and recommendation adopted, No. 4:15CV00436 JLH JJV, 2015 WL 5999787 (E.D. Ark. Oct. 14, 2015), appeal dismissed (Apr. 26, 2016); *Morrow v. City of Jacksonville, Ark.*, 941 F. Supp. 816, 820 (E.D. Ark. 1996) (Title VII, ADA, and ADEA claims against defendants in their individual capacities dismissed according to the prevailing view); *Evans*, 2008 WL 697752 at *5 ("These individual Defendants are not "employers" under either Title VII or the ACRA."). Accordingly, Hill's claims under Title VII, the ADA, the ADEA, and the ACRA against Claudette Holt, David Tures, John Parke, Kelton Phillips, Lacey Wynes, Terri Jones, Anthony Gilbert, Stephen Savage, Timothy Lampe, Job Serebrov, Rowena Reyes,

Michael Munnerlyn, and Walter Barrington are all dismissed.

Hill pleads no factual allegations against the Arkansas Claim Commissioner, and he is dismissed for failure to state a claim.

N. Michael Crump is dismissed because Hill attacks him in his capacity as an administrative law judge. *Brown v. Griesenauer*, 970 F.2d 431, 435 (8th Cir. 1992) ("Judges are entitled to absolute immunity for actions taken in their judicial capacity."). Furthermore, according to the complaint, Crump is neither a coworker nor supervisor to Hill.

For these reasons, Hill may proceed with her Title VII retaliation claim against the Arkansas Department of Human Services, and the remainder of her claims are dismissed.

IT IS SO ORDERED this 19th day of May 2017.

_____
UNITED STATES DISTRICT JUDGE