IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**PHYLLIS HILL**                                                                                     **PLAINTIFF**

**v.**                          **CASE NO. 4:16-CV-00872 BSM**

**ARKANSAS DEPARTMENT OF**
**HUMAN SERVICES**                                                          **DEFENDANT**

## ORDER

Defendant Arkansas Department of Human Services's motion for summary judgment [Doc. No. 45] is granted.

*Pro se* plaintiff Phyllis Hill claims that defendant Arkansas Department of Human Services ("ADHS") illegally retaliated against her by making her ineligible for a raise after she filed charges against ADHS with the Equal Employment Opportunity Commission ("EEOC"). Complaint ¶ 12, Doc. No. 22. On November 27, 2017, ADHS moved for summary judgment asserting that Hill has failed to establish her *prima facie* case of retaliation. Hill has not responded. Specifically, ADHS points out that the sequence of events causing Hill to be ineligible for a merit increase took place *before* Hill filed her complaint with the EEOC. Statement of Undisputed Facts ¶¶ 15, 16, Doc. No. 47; Parke Aff. ¶¶ 15, 16, Doc. No. 45-1. Accordingly, Hill cannot carry her burden of establishing her *prima facie* case because she cannot show a causal link between the disciplinary actions resulting in her ineligibility for a raise and her EEOC complaint. *See Musolf v. J.C. Penney Co., Inc.*, 773 F.3d 916, 919 (8th Cir. 2014) ("The burden to show a *prima facie* case is not difficult, but one must show some causation.").

Because there is no genuine dispute as to any material fact and ADHS is entitled to judgment as a matter of law, ADHS's motion for summary judgment [Doc. No. 45] is granted, and this case is dismissed with prejudice. *See* Fed. R. Civ. P. 56.

IT IS SO ORDERED this 18th day of January 2018.

_____
UNITED STATES DISTRICT JUDGE